**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| THE HASKELL COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 06-830C |
| v. | ) | (Judge Williams) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S ANSWER**

For its answer to the complaint, defendant admits, denies, and avers as follows:

1. The allegations contained in paragraph 1 constitute conclusions of law, and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

2. Admits the allegations contained in paragraph 2 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 2.

3. Admits the allegations contained in paragraph 3 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 3.

4. Admits that the parties reached an agreement on how they would proceed when weather delays occurred; otherwise, denies the allegations in the first sentence of paragraph 4. Admits the allegations contained in the second sentence of paragraph 4 to the extent supported by the contract modifications, which are the best evidence of their contents; otherwise, denies the allegations contained in the second sentence of paragraph 4. Denies the allegations contained in the third sentence of paragraph 4 for lack of knowledge or information sufficient to form a belief

as to their truth.

5. Admits the allegations contained in paragraph 5 regarding modification no. 0006 to the extent supported by modification no. 0006, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 5 regarding modification no. 0006. The remaining allegations contained in paragraph 5 constitute plaintiff's conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

6. Denies the allegations contained in the first and second sentences of paragraph 6 for lack of knowledge or information sufficient to form a belief as to their truth. Admits the allegations contained in the third sentence of paragraph 6 to the extent supported by the contract modifications, which are the best evidence of their contents; otherwise, denies the allegations contained in the third sentence of paragraph 6.

7. Denies the allegations contained in the first and second sentences of paragraph 7 for lack of knowledge or information sufficient to form a belief as to their truth. Admits the allegations contained in the third sentence of paragraph 7 that plaintiff requested an extension of time during the period from September 2002 until February 2003; otherwise, denies the allegations contained in the last three sentences of paragraph 7.

8. Denies.

9. The allegations contained in paragraph 9 constitute conclusions of law and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied for lack of knowledge or information sufficient to form a belief as to their truth.

10. Denies.

11. Admits the allegations contained in paragraph 11 to the extent supported by the document cited, which is the best evidence of its contents; otherwise, denies the allegations in paragraph 11.

12. Admits the allegations contained in paragraph 12 to the extent supported by the document cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 12.

13. Defendant's responses to paragraphs 1 through 12 of the complaint are incorporated by reference.

14.[1] The allegations contained in paragraph 14 constitute conclusions of law, and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

15. The allegations contained in paragraph 15 constitute conclusions of law, and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

16. Denies that plaintiff is entitled to the relief set forth in the prayer for relief immediately following paragraph 27 (15), or to any relief whatsoever.

17. Denies each and every allegation not previously admitted or otherwise qualified.

WHEREFORE, defendant requests that the Court enter judgment in its favor, order that the complaint be dismissed, and grant defendant such other and further relief as the Court may deem just and proper.

---

[1] After paragraph 13 of plaintiff's complaint, the paragraphs are numbered 12 and 27. See Compl. at pg. 5. We assume this was merely a typographical error and address the paragraphs as if they were numbered consecutively.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/Franklin E. White, Jr.
FRANKLIN E. WHITE, JR.
Assistant Director

OF COUNSEL:

WILLIAM ROBINSON
Assistant General Counsel
Federal Bureau of Prisons
Department of Justice
320 First Street, N.W.
Room 900
Washington, D.C. 20534

s/Dawn S. Conrad
DAWN S. CONRAD
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit, 8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tel: (202) 616-2279
Fax: (202) 305-7643

electronically filed
March 7, 2007

Attorneys for Defendant

CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of March, 2007, a copy of the foregoing "DEFENDANT'S ANSWER" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Dawn S. Conrad