**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| THE HASKELL COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 06-830C |
| v. | ) | (Judge Williams) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**JOINT PRELIMINARY STATUS REPORT**

Pursuant to Appendix A of the Rules of the United States Court of Federal Claims ("RCFC"), plaintiff, the Haskell Company, and defendant, the United States, respectfully submit the following joint preliminary status report:

a. Jurisdiction

Plaintiff indicates that this Court has jurisdiction to consider and decide this action pursuant to 28 U.S.C. § 1491 and the Contract Disputes Act, 41 U.S.C. § 609(a)(1). Defendant is not aware of a basis upon which to challenge the Court's jurisdiction at this time.

b. Consolidation

At the present time, the parties agree that this case should not be consolidated with any other case.

c. Bifurcation

Assuming the case proceeds to trial, the parties are not presently aware of any reason why this case should be bifurcated.

d. Deferral

At present, the parties are not aware of any reason that this case should be deferred.

e. Remand/Suspension

The parties do not request that this action be remanded or suspended at this time.

f. Joinder

Neither party seeks to join additional parties at this time.

g. Dispositive Motions

One or both parties may move for summary judgment pursuant to RCFC 56.

h. Relevant Issues

This dispute stems from a contract between the Federal Bureau of Prisons ("FBOP") and The Haskell Company ("Haskell") for the construction of a FBOP institution in Yazoo City, Mississippi. FBOP awarded contract no. JX00c-411 ("the contract") to Haskell on February 2, 2001. The contract was a two-phase design-build contract. There were 25 modifications to the contract. The revised substantial completion date, though modification no. 0021, was September 23, 2003. The project was substantially completed 23 days early on August 15, 2003.

Haskell's complaint before this Court asserts two claims. First, Haskell claims damages resulting from the FBOP's denial of 35 days of weather-related time extensions, which allegedly "constructively accelerated" Haskell's work, causing Haskell to work less efficiently and lose labor productivity. Second, Haskell claims that it was entitled to and improperly denied the Early Completion Award Fee that was agreed to by the parties in modification no. 0006 to the contract. Modification no. 0006, signed by both parties, provided, among other things, that the FBOP would pay Haskell an Early Completion Award Fee of $10,000 per day, up to a maximum of 30 days, if certain conditions were met.

The Government believes that Haskell has not met its burden in proving entitlement to its

constructive acceleration claim. Additionally, the Government believes that Haskell's requests to extend the contract make clear that Haskell self-accelerated, and that Haskell has not provided a schedule analysis to support its acceleration claim.

With regard to the Early Completion Award Fee, the Government believes that Haskell has not shown that it has met all five conditions required for award of the Early Completion Award Fee. The conditions are clearly established by modification no. 0006. If Haskell can show compliance with the conditions, or provide a reasonable justification of why they did not or could not meet the conditions, the Government is willing to revisit the issue.

i. Settlement

The parties will continue to consider the possibility of settlement of this matter as discovery progresses. Both parties are open to alternative dispute resolution ("ADR") as an option for resolving the issues presented in plaintiff's complaint.

j. Trial

As outlined above, one or both parties may move for summary judgment pursuant to RCFC 56. If dispositive motions are not submitted, or if any such motions are not completely dispositive of this action, the parties anticipate proceeding to trial. The parties do not request expedited trial scheduling. At this time the parties anticipate the trial would take place in Jackson, Mississippi, or alternatively, in Washington, D.C.

k. Electronic Case Management

The parties have no special issues regarding electronic case management needs.

l. Additional Information

There is no additional information of which the Court should be aware at this time.

m. Proposed Discovery Plan

The parties intend to conduct simultaneous discovery through interrogatories, requests for admission, requests for production of documents, depositions, and subpoenas duces tecum and for deposition. The parties propose the following discovery schedule:

| | |
|---|---|
| Exchange of Initial Disclosures: | June 8, 2007 |
| Disclosure of Expert Witnesses: | September 14, 2007 |
| Disclosure of Expert Reports: | November 2, 2007 |
| Rebuttal Expert Reports: | December 17, 2007 |
| Conclusion of Fact and Expert Discovery: | February 1, 2008 |
| Deadline for Dispositive Motions: | March 14, 2008 |
| Deadline to Complete ADR, if applicable: | March 14, 2008 |

Respectfully submitted,

s/ Henry P. Wall
HENRY P. WALL, Esq.
BRUNER, POWELL, ROBBINS,
WALL & MULLINS, LLC
1734 St. Julian Place, Suite 200
P.O. Box 61110
Columbia, SC 29260-1110
Tel: (803) 252-7693

Attorney for Plaintiff

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/Franklin E. White, Jr.
by Brian M. Simkin
FRANKLIN E. WHITE, JR.
Assistant Director

s/Dawn S. Conrad
DAWN S. CONRAD
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit, 8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tel: (202) 616-2279
Fax: (202) 305-7643

OF COUNSEL:

WILLIAM ROBINSON
Assistant General Counsel
Federal Bureau of Prisons
Department of Justice
320 First Street, N.W.
Washington, D.C. 20534

Attorneys for Defendant

electronically filed,
May 15, 2007

CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of May, 2007, a copy of the foregoing "JOINT PRELIMINARY STATUS REPORT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Dawn S. Conrad